IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

SUBWAY INTERNATIONAL B.V. : CASE NO.
:
　Plaintiff :
:
:
v. :
:
:
:
: October 21, 2010
ORNELA CERE, :
　Defendant :

## APPLICATION TO CONFIRM ARBITRATION AWARD

1. This is an action to confirm an Arbitration Award pursuant to Section 9 of the Federal Arbitration Act, 9 U.S.C. § 9.

2. Plaintiff, Subway International B.V. ("SIBV"), an international franchisor of SUBWAY® sandwich shops, is a Netherlands limited liability corporation with a principal place of business in Amsterdam.

3. Defendant, Ornela Cere, operated a SUBWAY® restaurant in Greece.

4. This Court has jurisdiction under 28 U.S.C. § 1331 because this is an action to confirm an arbitration award pursuant to the terms of the Convention on the Recognition and Enforcement of Foreign Arbitral Awards (New York Convention). The U.S. Federal District Court has jurisdiction as language in the Franchise Agreement allows for confirmation of the Arbitrator's Award in any court having jurisdiction.

5. On November 13, 2008, Plaintiff and Defendant entered into Franchise Agreement 45251, a copy of which is attached as Exhibit A.

6. Defendant's store was marked out of compliance for several problems affecting health and safety, which triggered an automatic termination notice from the Plaintiff. Defendant contested the compliance allegations and then chose not to accept any alternatives provided by Plaintiff. Defendant voluntarily chose to cease operating her store.

7. In accordance with the Franchise Agreement 45251 at paragraph 2., Franchisee agreed that she must pay "…weekly a Royalty equal to eight percent (8%) of the gross sales from the Restaurant and each restaurant you operate throughout the terms of this Agreement."

8. In accordance with paragraph 5.i. of the Franchise Agreement 45251, Franchisee agreed that she must pay weekly in the Franchisee advertising fund, three and a half (3.5%) of gross sales of her sandwich shop.

9. In accordance with paragraph 8.a. of the Franchise Agreement 45251, Franchisor has the right to terminate the Agreement by giving ten (10) days' written notice, effective at the expiration of the ten (10) day period, if the Franchisee fails to pay any money owed to the Franchisor, affiliates, or the Franchisee advertising fund.

10. Paragraph 10.c. of the Franchise Agreement 45251 between SIBV and Ornela Cere states as follows:

    "The parties will arbitrate any Dispute the parties do not settle under the discussion procedures above, and any Dispute which this Agreement provides will be submitted directly to arbitration, except as provided in this Agreement. The arbitration will be held in accordance with the United Nations Commission on International Trade Regulations and Law (UNCITRAL) Arbitration Rules administered by an arbitration agency, such as the International Centre for Dispute Resolution, an affiliate of the American Arbitration Association. The arbitration will be conducted in English and decided by a single arbitrator unless the law of the country where the Restaurant is located requires three (3) arbitrators. Any court having jurisdiction may enter judgment on the arbitrator's award. Except as provided in this Agreement, a party must commence and pursue arbitration to resolve Disputes before commencing legal action."

11. On or about September 3, 2010, Plaintiff filed a Demand for Arbitration with the International Centre for Dispute Resolution alleging Plaintiff had defaulted with the terms of the Franchise Agreement, specifically paragraph 5.b. and 8.b. Paragraph 5.b. required the Defendant to comply with the Plaintiff's Operations Manual. Defendant failed to maintain her store in compliance with the Operations Manual. Defendant was also in default of paragraphs 2. and 5.i. as she had not paid royalties and advertising fees

since March 3, 2009. In response thereto, defenses and counterclaims were filed by the Defendant with the International Centre for Dispute Resolution.

12. Upon review and consideration of all claims and defenses raised by Plaintiff and Defendant, the International Centre for Dispute Resolution issued a final award dated August 2, 2010. The Final Award contained the arbitrator's rulings on each party's claims. A copy of the Final Award of Arbitrator, Edna Sussman, is attached as Exhibit B.

13. The Final Award denied recovery for all of Defendant's counterclaims except two, for which the Award granted Defendant a total sum of 40,519.44 Euros. All legal fees and costs were to be split equally between the parties.

14. The Final Award also granted SIBV outstanding royalty and advertising fees in the amount of 1080.56 Euros. The Award also confirmed that the Franchise Agreement 45251 between SIBV and Ornela Cere is terminated.

WHEREFORE, the Plaintiff prays:

1. That the Award be confirmed in its entirety.
2. That an order be issued confirming that the Franchise Agreement between SIBV and Ornela Cere is terminated.
3. Such further relief as the court deems appropriate.

Dated at Milford, Connecticut, October____, 2010

PLAINTIFF,
SUBWAY INTERNATIONAL B.V.

Kristin Corcoran
CT 13892
Franchise World Headquarters
325 Bic Drive
Milford, CT 06461
(203) 877-4281 extension 1565

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served by Federal Express Number 7940 2367 0555 to the Clerk of the U.S. District Court, District of Connecticut, 141 Church Street, New Haven, Connecticut 06510 and by Federal Express Number 7963 9200 8602 to Ornela Cere, Varvaki 44 GI2I, Athens 11474, Greece this 28th day of October, 2010.

*[signature]*

Kristin Corcoran
CT 13892
Franchise World Headquarters, LLC
325 Bic Drive
Milford, CT 06461
(203) 877-4281 extension 1565